UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

J & J VIDEO, LLC
d/b/a VIDEOS AND MORE,

                Debtor.
_____/

Chapter 7

Case No. 08-56835-SWR
Judge Steven W. Rhodes

WARREN INVESTMENT, INC.,

        Appellant,

v.

GENERAL CASUALTY OF WISCONSIN,
a foreign insurance company and
FRED DERY, Trustee of J & J VIDEO, LLC
d/b/a VIDEOS AND MORE,,

        Appellees.
_____/

Case No. 11-12038
Hon. Victoria A. Roberts
Adv. No. 10-07092

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on appeal from two Bankruptcy Court orders which dismissed Warren Investment's claims against Trustee Fred Dery, denied Warren Investment's motion to amend the complaint, and denied Warren Investment's motion for reconsideration.

The Court **AFFIRMS** the Bankruptcy Court.

1

## II. BACKGROUND

Debtor J & J Video is a video rental business, which operated from a building it leased from Warren Investment. On July 14, 2008, J & J Video filed for Chapter 7 bankruptcy, and Fred Dery was appointed trustee.

On December 28, 2008, Warren Investment discovered water damage to the building, the result of pipes inside freezing and bursting. Warren Investment submitted a claim for the damage to its insurance, but the claim was denied.

On October 1, 2010, Warren Investment filed suit against Dery in his personal capacity claiming that Dery negligently failed to winterize the building.

Dery filed a motion to dismiss, saying that, because he is trustee, he is not liable for negligence in his personal capacity. Warren Investment opposed the motion, and filed a motion to amend the complaint to add a claim against Dery for gross negligence.

On March 24, 2011, the Bankruptcy Court issued an Order granting Dery's motion to dismiss and denying Warren Investment's motion to amend. Warren Investment filed a motion for reconsideration, which the Bankruptcy Court denied on April 25, 2011. This appeal followed.

## III. STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Batie v. Investors Credit Corp.,* 995 F.2d 85, 88-89 (6th Cir. 1993).

**IV.   ANALYSIS**

    **A.   Motion to Dismiss**

Warren Investment asks this Court to reverse the Order of the Bankruptcy Court dismissing Warren Investment's claim of negligence against Dery. The Bankruptcy Court ruled that, as a matter of law, Dery is not personally liable for negligence. This Court agrees.

Warren Investment brought suit against Dery in his personal capacity. The law in this Circuit is clear: "A bankruptcy trustee is liable in his *official* capacity for acts of negligence. . . . A bankruptcy trustee is liable personally *only* for acts willfully and deliberately in violation of his fiduciary duties." *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 461-62 (6th Cir. 1982) (emphasis added).

Warren Investment does not distinguish its case or raise any argument why the law in *Ford Motor Credit Company* does not apply. Instead, it asks this Court to declare the reasoning of Sixth Circuit unsound, and follow cases in other jurisdictions. This Court has no authority to do so. That Warren Investment believes *Ford Motor Credit Company* should be reconsidered and reversed, or that other circuits disagree with the Sixth Circuit, does not mean this Court can choose to ignore binding precedent.

This Court cannot grant the relief Warren Investment seeks.

    **B.   Motion to Amend**

Warren Investment asks the Court to reverse the decision of the Bankruptcy Court denying leave to amend the complaint to add a claim of gross negligence against Dery in his personal capacity. The Bankruptcy Court ruled that it would be futile for

Warren Investment to amend the complaint to add this claim because, as a matter of law, Dery is not personally liable for any negligence, including gross negligence. This Court agrees with the Bankruptcy Court.

As discussed above, Dery is personally liable only if he willfully and intentionally violated his fiduciary duties. Gross negligence does not require wilfulness or deliberateness; it requires a showing that a party failed to use the care and diligence required to prevent "threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another." *People v. McCoy,* 223 Mich. App. 500, 502 (1997). Thus, a gross negligence claim can survive only if it is against Dery in his official capacity.

Warren Investment, in its reply brief to this Court, says there is no basis for the Bankruptcy Court's conclusion that Dery's conduct is not a willful and deliberate violation of his duties. However, Warren Investment did not allege, either in the original or proposed amended complaint, that Dery acted willfully or deliberately.

While Dery may be liable for gross negligence in his official capacity, the amendment to add this claim against him in his personal capacity is futile.

The Court affirms the Bankruptcy Court.

### C.     Motion for Reconsideration

Warren Investment asks the Court to reverse the decision of the Bankruptcy Court denying a motion for reconsideration of the motion to dismiss and the motion to amend. The Court declines to do so.

In the motion for reconsideration, Warren Investment argued that Dery has a blanket bond, the terms of which were unknown, which obligates the surety to pay

judgments for Dery's gross negligence; therefore, Warren Investment says the amendment to add gross negligence should be permitted because it will establish the surety's obligation to pay under the bond.

This argument is misguided.

A surety is not obligated to pay damages on behalf of a trustee if no basis for liability exists. *See City of Ferndale v. Florence Cement Co.,* 269 Mich. App. 452, 462 (2006) ("[A]s a matter of law, 'the liability of the sureties is coextensive with the liability of the principal in the bond . . . .'") (quoting *In re MacDonald Estate,* 341 Mich. 382, 387 (1954)). Since, as a matter of law, Dery is not personally liable under any negligence standard, it is futile for Warren Investment to add a gross negligence claim, regardless of whether a blanket bond exists.

Warren Investment cites *Schooler v. Liberty Mutual Surety (In re Schooler),* 449 B.R. 502 (Bankr. N.D. Tex. 2010), for the proposition that if a bond is involved, a trustee is liable for gross negligence. The Court is not persuaded. As already stated, there must be a basis to find the trustee liable before a surety is obligated to pay for that liability. In this circuit, the only basis for personal liability is deliberate and wilful violation of the trustee's fiduciary duties. *Schooler* relies on Fifth Circuit precedent, which requires only a showing of gross negligence for personal liability. This is not the standard in the Sixth Circuit, so it is not helpful to Warren Investment's position.

Even if Dery was grossly negligent, he is not personally liable as a matter of law, so the addition of this claim or the surety, is futile.

**V. CONCLUSION**

The Court **AFFIRMS** the Orders of the Bankruptcy Court.

5

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 1, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 1, 2011.
>
> s/Carol A. Pinegar
> Deputy Clerk